OPINION OF THE COURT
Thomas A. Stander, J.
The petitioner, Merrimack Mutual Fire Insurance Company, submits this motion seeking an order granting petitioner’s ap *524 plication for the appointment of an umpire and limiting the determination of the appraisal to the actual cash value of damage. The respondent, Douglas Seibert, submits a cross motion seeking an order (i) appointing an umpire to act without limitation, including to determine the value of the loss, actual cash value, cost of repair and replacement, and all issues incident thereto of the subject property loss; and (ii) declaring that Paul E. Van Scott is competent and disinterested and, therefore, qualified to serve as appraiser in this matter.
I. Appointment of an Umpire
The petitioner commenced this proceeding before this court pursuant to Insurance Law § 3408. The respondent also requests that an umpire be appointed. This statute requires an application to be made to a justice of the Supreme Court “[w]henever application shall be made for the selection of an umpire pursuant to the provisions relating to appraisals contained in the standard fire insurance policy of the state of New York” (Insurance Law § 3408 [a]). The court is then required to appoint an umpire:
“The court shall, on proof by affidavit of the failure or neglect of the appraisers to agree upon and select an umpire within the time provided in such policy, and of the service of notice pursuant to subsection (a) hereof, forthwith appoint a competent and disinterested person to act as such umpire in the ascertainment of the amount of such loss or damage.” (Insurance Law § 3408 [b].)
The petitioner makes an application for the court to select an umpire pursuant to the provisions relating to appraisals contained in its standard fire insurance policy issued to the respondent. The affidavits submitted demonstrate that the appraisers chosen by the petitioner and respondent have failed to agree upon and select an umpire within the time required.
The motions of the petitioner and respondent for the court to appoint an umpire is granted. The court has reviewed the qualifications of the umpires proposed by both the petitioner and the respondent. The court appoints Michael S. O’Shei, a competent and disinterested person, to act as such umpire in the ascertainment of the amount of such loss or damage.
II. The Ascertainment of the Amount by the Umpire
The petitioner seeks an order from this court limiting the determination of the appraisal to the actual cash value of damage. The respondent requests an order appointing an umpire *525 to act without limitation, including to determine the value for the loss, actual cash value, cost of repair and replacement, and all issues incident thereto of the subject property loss.
This motion is based on Insurance Law § 3408, which allows the court to appoint an umpire when the appraisers cannot agree. The court shall appoint a person “to act as such umpire in the ascertainment of the amount of such loss or damage” (Insurance Law § 3408 [b]). Pursuant to the statute the umpire is directed to ascertain the amount of the loss or damage. The law states that the determinations as to the amount of loss or damage, under the appraisal clause of the standard fire policy and the provisions of section 3408 of the Insurance Law, “shall be binding on all parties to the contract of insurance evidenced by the policy” (Insurance Law § 3404 [g]).
The Insurance Law specifies the amount of loss or damage is determined under the standard fire policy appraisal clause and Insurance Law § 3408. The standard fire policy language regarding the appraisal, after addressing the appointment of the appraiser and the umpire, states:
“The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss.” (Insurance Law § 3404 [e] [“SECOND PAGE OF STANDARD FIRE POLICY”].)
The insurance policy entered into between the parties states the appraisal provisions as follows:
“The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.” (Fire insurance policy, conditions 1f 8.)
This policy language refers to the “amount of loss.” This is the fire policy language applicable in this matter. Applying it to the circumstances presented, the appraisers chosen by the parties have separately set the amount of loss. The appraisers failed to agree on the amount of the loss and must now submit their differences to the court appointed umpire.
Pursuant to the policy terms, a decision agreed to by any two, consisting of the appraisers and the umpire, sets the amount of *526 the loss. The amount of loss shall be determined according to the policy terms and applicable provisions of the Insurance Law by the appointed umpire, Michael O’Shei.
The relief requested by the parties for a determination by the court to limit the determination of the appraisal to the actual cash value of damage or for the umpire to act without limitation, including to determine the value for the loss, actual cash value, cost of repair and replacement, and all issues incident thereto of the subject property loss, are beyond the scope of the application to appoint an umpire. Both parties’ requests for the court to define and/or limit the ascertainment of the amount of loss or damage by the umpire are denied.
III. The Appraiser
The respondent seeks an order declaring that Paul E. Van Scott is competent and disinterested and, therefore, qualified to serve as appraiser in this matter. The Insurance Law sets forth the required appraisal provision (Insurance Law § 3404). The statute requires each party to the policy to select an appraiser. That was completed in this case. This entire proceeding is based on the fact that the appraisers chosen through the appraisal provisions of the policy have failed or neglected to agree upon and select an umpire.
In this special proceeding to appoint an umpire, there is no basis for the court to issue a declaratory judgment regarding competency of the respondent’s or petitioner’s selected appraiser. The application is denied.
Order
Based upon all the papers submitted in support and in opposition to these motions, upon the above decision, and after due deliberation, it is hereby ordered that the motion of Merrimack Mutual Fire Insurance Company seeking the appointment of an umpire is granted; it is further ordered that Michael S. O’Shei is appointed to act as umpire in the ascertainment of the amount of loss or damage in this matter; it is further ordered that the motion of Merrimack Mutual Fire Insurance Company for an order limiting the determination of the appraisal to the actual cash value of damage is denied; it is further ordered that the motion of Douglas Seibert for an order appointing an umpire to act without limitation, including to determine the value of the loss, actual cash value, cost of repair and replacement, and all issues incident thereto of the subject property loss is denied; and it is further ordered that the motion of Douglas *527 Seibert for an order declaring that Paul E. Van Scott is competent and disinterested and, therefore, qualified to serve as appraiser is not appropriate relief in this proceeding seeking to have an umpire appointed pursuant to Insurance Law § 3408; thus, the motion is denied.