Matter of Perry v Hanover Ins. Group (2025 NY Slip Op 01441)

Matter of Perry v Hanover Ins. Group

2025 NY Slip Op 01441

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

13 CA 23-01951

[*1]IN THE MATTER OF DR. ROBERT PERRY AND LINDA BALDI-PERRY, PETITIONERS-RESPONDENTS,
v
HANOVER INSURANCE GROUP, RESPONDENT-APPELLANT. 

MURA LAW GROUP, PLLC, BUFFALO (ROY A. MURA OF COUNSEL), FOR RESPONDENT-APPELLANT.
THE LAW OFFICE OF DAVID P. MARCUS, PLLC, WILLIAMSVILLE (DAVID P. MARCUS OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered November 3, 2023. The order, insofar as appealed from, granted the petition in part and denied the cross-motion of respondent insofar as it sought to dismiss the petition. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross-motion is granted in part, and the petition is dismissed in its entirety.
Memorandum: Petitioners commenced this special proceeding seeking, inter alia, an order directing that an appraisal panel calculate the replacement cost of petitioners' home, which was damaged in a fire and declared a total loss, in accordance with their interpretation of the terms of a policy issued by respondent. As limited by its brief, respondent appeals from an order to the extent that it granted the petition in part and denied that part of respondent's cross-motion seeking to dismiss the petition. We reverse the order insofar as appealed from.
Respondent's policy included an endorsement providing that respondent would provide full replacement cost insurance for the dwelling insured, with the amount to be "no more than the amount spent to repair or replace all or part of the 'residence premises' with the same type of construction at the same location." Petitioners decided to have a redesigned home built at the same location after their architect determined that reconstruction of the original design was not economically feasible or practical due to the subsequent enactment of the New York State Building Code. Petitioners obtained bids for the construction and consulted with a representative from respondent throughout the process. After construction of the home began, respondent issued several payments on the policy, but then stopped making payments and invoked the appraisal provision in the policy to determine the replacement cost value. Petitioners and respondent selected their respective appraisers, and the appraisers agreed upon an umpire to complete the appraisal panel. The appraisal panel made a determination as to the replacement cost value of the dwelling and the actual cost value, but left to be determined at a later date the "increased cost due to code." That award was signed by respondent's appraiser and the umpire.
Petitioners objected to the appraisal, informed respondent that an "appraisal of the costs of replicating the original home is irrelevant," and requested the appraisal panel to determine the actual expenses incurred in replacing the home. The umpire notified the appraisers that resolution of the disputed issues was "not within the scope of this appraisal process" and requested either a joint agreement between the parties or a court order before the appraisal panel determined the amount of loss.
Petitioners commenced this special proceeding pursuant to CPLR 7601 and Insurance [*2]Law § 3408 seeking, inter alia, that Supreme Court order "the appraisal panel to proceed with the replacement cost appraisal in accordance with the terms of the policy and policy endorsement, by appraising the actual amount expended by petitioners to replace the home." Petitioners argued that the terms of the policy dictated that methodology be used and further argued that respondent had waived any appraisal of the hypothetical cost of rebuilding the original home because it authorized construction of the redesigned home. Respondent cross-moved to, inter alia, dismiss the petition. The court granted the petition in part and denied the cross-motion.
We agree with respondent that neither CPLR 7601 nor Insurance Law § 3408 authorizes the relief sought by petitioners. Insurance Law
§ 3408 is applicable to appraisal provisions contained in fire insurance policies such as the one at issue here. Subdivisions (a) and (b) provide, as relevant, that whenever there is an application for the selection of an umpire pursuant to those appraisal provisions, it shall be made to the court and that the court shall appoint an umpire if the parties' appraisers are unable to agree upon and select one. Here, the parties' appraisers were able to select an umpire, and thus petitioners did not seek relief pursuant to Insurance Law § 3408 (a) and (b). Insurance Law § 3408 (c) provides that a party may apply to the court for an order directing the other party to comply with a demand for appraisal. Petitioners did not seek that relief either. CPLR 7601 may be used to confirm, modify, or vacate an appraisal award (see generally Matter of Penn Cent. Corp. [Consolidated Rail Corp.], 56 NY2d 120, 129-130 [1982]; Matter of Stanz v New York Cent. Mut. Fire Ins. Co., 221 AD3d 1479, 1480 [4th Dept 2023]; Coral Crystal, LLC v Federal Ins. Co., 2020 WL 5350306, *16 & n 17 [SD NY, Sept. 3, 2020, No. 17-CV-1007-LTS-BCM]), but petitioners are not seeking that relief.
We conclude that the relief sought by petitioners may be obtained only in a plenary action (see generally 425 W. Main Assoc. LP v Selective Ins. Co. of S. Carolina, 66 Misc 3d 1220[A], 2018 NY Slip Op 52003 [U], *1 [Sup Ct, Genesee County 2018], affd 179 AD3d 1447 [4th Dept 2020], lv denied 36 NY3d 902 [2020]; Matter of Merrimack Mut. Fire Ins. Co. v Seibert, 31 Misc 3d 523, 526 [Sup Ct, Monroe County 2011]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court